```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BAMMOO, LLC ET AL.                              CIVIL ACTION

VERSUS                                          NO. 07-5913

NATIONAL MARINE UNDERWRITERS, INC. ET AL.       SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand and request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). For the reasons that follow, the motion to remand is GRANTED and the motion for costs and attorney's fees is DENIED.

Background

The plaintiffs are owners of a sailboat that was insured by defendants when Hurricane Katrina hit New Orleans on August 29, 2005. The sailboat was allegedly damaged during the hurricane, and the plaintiffs filed a claim for losses. According to the plaintiffs, the parties reached a settlement agreement in July 2006 that required the defendants to pay the plaintiffs $80,000 and allow the plaintiffs to retain the sailboat. The plaintiffs claim that the defendants subsequently violated with the terms of the

1

settlement agreement, and, therefore, the plaintiffs filed suit in state court to enforce settlement. National Marine Underwriters removed the action to this Court on September 25, 2007, asserting exclusive maritime jurisdiction over the case.

The plaintiffs now move for remand, arguing that this Court lacks jurisdiction over this case because: (1) the notice of removal is facially deficient, and (2) even if the notice of removal were proper, the suit involves issues of state law only and there is no diversity jurisdiction. The plaintiff seeks costs and fee incurred by the removal, pursuant to 28 U.S.C. 1447(c).

National Marine Underwriters concedes that this Court lacks jurisdiction and that the case must be remanded. However, the defendant asserts that the Court should not impose costs and attorney's fees under § 1447(c) because, under the circumstances, removal was justified. Specifically, the defendant claims that, because of a clerical error in the state court record, the defendant mistakenly believed the thirty-day removal period under 28 U.S.C. 1446(b) had long since passed. By the time the defendant discovered this error, there was only one day before the thirty-day period expired. National Marine Underwriters argues that, because it had only one day to research the legal issues related to maritime jurisdiction, removal was reasonable under the circumstances. In addition, the defendant claims it made efforts to contact the plaintiffs before filing the notice of removal, and

also tried to contact the plaintiffs to agree to remand the case voluntarily. These efforts allegedly failed because of missed phone calls, lawyers who were out of town, and other problems.

I.

The first issue is the plaintiffs' motion for remand. The parties agree that the defendants' alleged breach of an insurance contract and alleged violation of the settlement agreement are governed by Louisiana law, not federal law. Furthermore, no one contends there is diversity jurisdiction. Therefore, the Court lacks jurisdiction and the case must be remanded.

The second issue is whether the plaintiffs are entitled to costs and fees under 28 U.S.C. § 1447(c). An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," incurred as a result of removal. 28 U.S.C. § 1447(c). The decision to award fees and costs is discretionary. Miranti v. Lee, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132 (2005). Here, although removal was improper, the defendant appears to have acted in good

faith and without any intention of unnecessarily prolonging the litigation. When the defendant realized removal was improper, it claims to have left messages with plaintiffs' counsel agreeing to a voluntary remand. This is not disputed. Under the circumstances, the Court exercises its discretion not to grant the plaintiffs' request for fees and costs.

    Accordingly, the plaintiffs' motion to remand is GRANTED and their requests for costs and fees is DENIED.

    New Orleans, Louisiana, October 30, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT COURT